An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

D.R. HORTON, INC.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ALLAN R. EARL, DISTRICT JUDGE,
Respondents,
and
PARADISE COURT HOMEOWNERS
ASSOCIATION,
Real Party in Interest.

No. 59897

FILED

APR 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER GRANTING IN PART PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus or prohibition challenging a district court order determining that, under NRS 116.3102(1)(d), a homeowners' association could litigate, on behalf of its members, claims for construction defects with respect to its members' homes without meeting NRCP 23's class action prerequisites.

Real party in interest Paradise Court Homeowners Association filed a motion for declaratory relief in which it sought permission to litigate claims for alleged construction defects on behalf of its members. Paradise Court's motion sought to establish that, under D.R. Horton v. District Court (First Light II), 125 Nev. 449, 215 P.3d 697 (2009), it had satisfied NRCP 23's class action prerequisites and could therefore represent its members in litigation.

In considering Paradise Court's motion, the district court determined that Paradise Court was seeking to repair the alleged defects, not to obtain money damages that would be distributed to each individual member. Because of this distinction, the district court found First Light II to be inapplicable and determined that Paradise Court did not need to

13-11428

satisfy NRCP 23's class action prerequisites in order to litigate on behalf of its members. Accordingly, it granted the motion for declaratory relief. Petitioner D.R. Horton then filed this writ petition, asking for two forms of relief: (1) that we direct the district court to conduct a thorough NRCP 23 analysis with respect to the claims Paradise Court is seeking to litigate, and (2) that we direct the district court to prohibit Paradise Court from representing its members in the underlying litigation.

While D.R. Horton's writ petition was pending, this court issued an opinion in which we reaffirmed and clarified First Light II. Specifically, in Beazer Homes Holding Corp. v. District Court, 128 Nev. ___, 291 P.3d 128 (2012), we reaffirmed that a district court, upon request, must conduct an NRCP 23 analysis to determine whether litigation by class action is the superior method of adjudicating homeowners' construction defect claims. 128 Nev. at ___, 291 P.3d at 135. We also clarified, however, that a failure to satisfy NRCP 23's class action prerequisites does not strip a homeowners' association of its ability to litigate on behalf of its members under NRS 116.3102(1)(d). Id. at ___, 291 P.3d at 134-35.

Thus, in light of our opinion in Beazer Homes, we conclude that partial relief is appropriate insofar as D.R. Horton asks this court to order the district court to conduct a thorough NRCP 23 analysis. See International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) ("A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station . . . ."); see NRS 34.160. Accordingly, we grant D.R. Horton's writ petition in part and direct the clerk of this court to issue a writ of mandamus instructing the district court to conduct a proper NRCP 23

analysis with respect to the claims for alleged defects.[1] We decline, however, to direct the district court to prohibit Paradise Court from representing its members in the underlying litigation, as this request is inconsistent with our holding in Beazer Homes.[2] See Beazer Homes, 128 Nev. at ___, 291 P.3d at 134 ("Failure to meet any additional procedural requirements, including NRCP 23's class action requirements, cannot strip a common-interest community association of its standing to proceed on behalf of its members under NRS 116.3102(1)(d).").

It is so ORDERED.[3]

_____, C.J.
Pickering

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[1]We deny D.R. Horton's alternative request for a writ of prohibition.

[2]In Beazer Homes, we noted that a homeowners' association has an obligation to "reveal the alleged construction defects in sufficient detail" so as to enable the district court to develop a meaningful case management plan. 128 Nev. at ___ n.5, 291 P.3d at 136 n.5. Thus, while Paradise Court may represent its members even if NRCP 23's prerequisites are not satisfied, it must sufficiently inform the district court regarding the nature of the specific defects being alleged so as to enable the district court to conduct the required NRCP 23 analysis.

[3]The Honorable Ron Parraguirre, Justice, did not participate in the decision of this matter.

cc: Hon. Allan R. Earl, District Judge
Koeller Nebeker Carlson & Haluck, LLP/Las Vegas
Wood, Smith, Henning & Berman, LLP
Feinberg Grant Mayfield Kaneda & Litt, LLP
Eighth District Court Clerk